IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 305-12 |
| | ) | |
| TEREAKI CARTER | ) | |

**O R D E R**

Before the Court are the various pre-trial and discovery motions filed by Defendant Tereaki Carter. The United States of America, by and through its attorney, Edmund A. Booth, Jr., Acting United States Attorney, and Darrin L. McCullough, Assistant United States Attorney, has filed a combined response to these motions.

## GENERAL DISCOVERY MOTION

As to Defendant Carter's general discovery requests, (doc. no. 51), the government states that it has provided Defendant with "open file" discovery, including investigative reports, reports of laboratory analysis, Defendant's criminal history, Defendant's statements made during the investigation of this case, and an audio CD, as well as other documentary materials (notes and mental impressions made the United States Attorney and his assistants from investigative material in preparation for trial, inter- and intra-agency correspondence, regulations, procedures, manuals, etc. regarding matters of policy, strategy or as a part of discretionary decision-making processes excepted). Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders Defendant's discovery requests **MOOT**.

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>. Further addressing the Defendant's specific requests for disclosure:

### 1. NOTICE OF EVIDENCE SUBJECT TO SUPPRESSION:

The purpose of this request is to give Defendant advance notice of any arguably suppressible evidence which will be used at trial. In this case, the attorney for the government has granted liberal discovery, giving Defendant access to the government's investigative file. This discovery should eliminate the possibility of surprise at trial. Therefore, the request is **DENIED**.

### 2. NOTICE OF OTHER CRIMES OR UNCHARGED MISCONDUCT:

This request was addressed in a prior order (doc. no. 43), and is therefore, **MOOT**.

3. **DEFENDANT'S STATEMENTS:**

In light of the government's liberal discovery policy, and in light of the government's disclosure that all known statements by Defendant have been produced, this request is **MOOT**.

4. **"CATCHALL" HEARSAY EXCEPTIONS:**

The Court trusts that counsel for the government is thoroughly familiar with the notice requirements of Rule 807 and will provide such notice to Defendant.

5. **CO-CONSPIRATORS' HEARSAY EXCEPTIONS:**

Defendant Carter seeks an order compelling the government to disclose all co-conspirator(s') statements. In support of his request, Defendant argues that the language of Fed. R. Crim. P. 16(a)(1)(A), which requires disclosure of "statements made by the defendant(s)," mandates disclosure of co-conspirator(s') statements, since those statements are imputed to Defendant under Fed. R. Evid. 801(d)(2)(E). Unfortunately for Defendant, the Eleventh Circuit has ruled that these independent provisions cannot be read *in pari materia*. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (*en banc*) (adopting the reasoning of United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*)). The policy underlying nondisclosure of co-conspirator(s') statements rests firmly on the belief that disclosure would unnecessarily promote both the intimidation of witnesses and attempts to suborn perjury. Roberts, 811 F.2d at 259 (citing United States v. Jackson, 757 F.2d 1486, 1493 (4th Cir. 1985) (Wilkinson, J, concurring)). The Jackson concurrence correctly noted that nothing in Fed. R. Crim. P. 16(a)(1)(A), can be read to require disclosure of co-conspirator(s') statements and that decisions relied on by the defendant justifying discovery

3

of such statements as "vicarious admissions" of defendants "make one person out of two and beg the question of undue pressure which may result." Jackson, 757 F.2d at 1493. Rule 16(a)(1)(A) requires the government to disclose "the substance of any relevant oral statement made by the defendant." Any discovery of co-conspirator(s') statements must be pursuant to the provisions of the Jencks Act, 18 U.S.C. § 3500, or not at all. Roberts, 811 F.2d at 259. Therefore, Defendant's request for disclosure of co-conspirator(s') statements is **DENIED**.

6. **DEFENDANT'S PRIOR RECORD:**

The government has responded that it has provided Defendant's known criminal record to him in discovery. This request is therefore, **MOOT**.

7. **DOCUMENTS AND TANGIBLE OBJECTS:**

The government has indicated its willingness to comply with this request, and Defendant's request is therefore, **MOOT**.

8. **WITNESS NAMES AND ADDRESSES:**

A separate motion was filed seeking this identical discovery, and therefore, this request is addressed below.

9. **CRIMINAL RECORDS OF ALL WITNESSES:**

Defendant Carter seeks disclosure of prior criminal conduct and uncharged bad acts of all witnesses. The Confrontation Clause guarantees a criminal defendant an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right

4

is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's request is **DENIED**.

10. **WRITTEN STATEMENTS OF PERSONS NOT CALLED AS WITNESSES:**

Defendant Carter argues that pursuant to Fed. R. Crim. P. 16 (a)(1)(C), he is entitled to disclosure of statements of witnesses the government does not intend to call as witnesses.[1] The Court disagrees. Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Under this Rule, a defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However,

---

[1] It appears that Defendant may have actually intended to reference Rule 16(a)(1)(E). The rule cited, Rule 16(a)(1)(C), applies to an organizational defendant. There is no such defendant in this case.

5

this Rule is qualified and limited by Rule 16(a)(2), which provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

It can be seen that Rule 16(a)(2) prevents the "discovery or inspection . . . of statements made by government witnesses except as provided in 18 U.S.C. § 3500." Even if the statements satisfy one of the requirements of Rule 16(a)(1)(E), discovery by a defendant is still barred by Rule 16(a)(2) unless those witnesses will testify at trial. In that case, the statements would be discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda, discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and no showing of materiality is made, they are not discoverable at all.

11. **INFORMANT'S NAME, IDENTITY AND WHEREABOUTS:**

Counsel for Defendant seeks the disclosure of the identity of any informants whose testimony the government intends to use at trial. Where the informant was not an active participant in the criminal activity, disclosure is not required. Roviaro v. United States, 353

U.S. 53, 61-63 (1957); United States v. Gutierrez, 931 F.2d. 1482, 1490-91 (11th Cir. 1991); United States v. Parikh, 858 F.2d 688, 696 (11th Cir. 1988); United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979). The government must disclose the identity of any informant who played an active role in the criminal activity charged against Defendant at least one week prior to trial. Such disclosure will ensure an adequate opportunity for Defendant to prepare for trial and obviate any need for an *in camera* showing by the government pursuant to Fed. R. Crim. P. 16(d). See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) (*per curiam*) (re-iterating circuit precedent that *in camera* hearing not automatically required when informant identity requested). Defendant's request for discovery of informants is therefore, **GRANTED**, as set forth herein.

12. **REPORTS AND CONCLUSIONS OF SCIENTIFIC TESTS OR ANALYSIS:**

Defendant requests the production of all written reports of any scientific analysis or chemical analysis conducted by the government. The government states that if any scientific tests were conducted and the results are available, those results have been included in the discovery materials. Therefore, this request is **MOOT**.

13. **EXEMPLARS OF TESTS, FINGERPRINT IMPRESSIONS:**

Defendant requests the production of any handwriting or voice exemplars, fingerprint impressions, or other materials obtained by whatever means or process which the government intends to offer into evidence. The government states that if any exemplars were taken and the results are available, those results have been included in the discovery materials. Therefore, this request is **MOOT**.

7

## 14. TRANSCRIPT OF GRAND JURY TESTIMONY:

Defendant Carter seeks disclosure of grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of secrecy surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976) (showing of need justifying disclosure of grand jury transcripts must include more than an unsubstantiated assertion of impropriety); see also United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (recognizing that Eleventh Circuit precedent requires showing of "particularized need" to obtain disclosure of protected grand jury materials). Defendant has expressed a general desire to review those records but has not even attempted to show a need for them. Accordingly, the request for disclosure of grand jury proceedings is **DENIED**. The Court is aware that the government generally follows a policy of providing Jencks Act materials at least seven (7) days prior to trial.[2]

## 15. DEMAND FOR EXCULPATORY EVIDENCE:

A separate motion was filed seeking this identical discovery, and therefore, this request is addressed below.

## 16. SUBSTANCE OR PROMISES OR PLEA BARGAINS BETWEEN WITNESSES AND GOVERNMENT:

In light of the government's liberal discovery policy, this request is **MOOT**.

---

[2]In this case, the government states its intent to provide discoverable grand jury transcripts upon receipt, which is usually within 30 to 45 days after indictment. (Doc. no. 46, p. 5).

8

## MOTION TO PRESERVE EVIDENCE, AGENTS' ROUGH NOTES, REPORTS, MEMORANDA AND TAPE RECORDINGS

Defendant Carter has filed a motion to preserve evidence, to include agents' rough notes. (Doc. no. 56). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. Moreover, as noted elsewhere in this Order, the government must comply with its obligations under Brady v. Maryland and United States v. Giglio. The government does not oppose the request for preservation of evidence or rough notes, but it does oppose disclosing such materials unless there is a threshold showing of relevancy and need. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant Carter has filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). To some extent, Defendant's request exceeds the scope of Brady. Brady material includes information that is favorable to a defendant and material to the issues of guilt or punishment. See Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This motion is **GRANTED** (doc. no. 50-1) to the extent that the government must provide all Brady material to Defendant within five (5)

days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial. The request for a hearing on the scope of these disclosures is **DENIED**. (Doc. no. 50-2).

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 54), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which he desires to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

## MOTION TO RESERVE THE RIGHT
## TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant Carter is **DENIED**. (Doc. no. 48). The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court. This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant Carter has filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose Jencks or Brady material. This, in essence, moots Defendant Carter's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**. (Doc. no. 52).

## PRELIMINARY MOTIONS TO SUPPRESS AND SEVER

These motion were filed to preserve Defendant Carter's right to particularize the motions at a later date. (Doc. nos. 53, 57). However, a motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c), (e). Moreover, the motions were filed without the supporting information required by Loc. Crim. 12.1. On January 9, 2007, the Court issued an order instructing Defendant that if he intended to particularize his motions, he must do so within ten (10) days. (Doc. no. 60).

11

Defendant failed to particularize his motions. Therefore, these motions are **NULLITIES**.[3] Should Defendant desire to file a particularized motion at a time subsequent to this Order, he must adequately explain his failure to timely file the same.

## **MOTION FOR A BILL OF PARTICULARS**

In this case, Defendant Carter is charged in one count with violating 21 U.S.C. § 841(a)(1), Distribution of 5 Grams or More of Cocaine Base, and 18 U.S.C. § 2, Aiding and Abetting. Defendant has filed this motion seeking from the government information concerning the exact time, date and place the alleged crimes as set forth in the indictment occurred; whether Defendant is charged as an aider or abettor, or a principal, and if so, how he aided and abetted the alleged offenses in the indictment; the exact manner that he is alleged to have participated in the conspiracy charged; the places at which each overt act on which the prosecution intends to rely at trial were allegedly performed; each and every act he is alleged to have personally performed; the identification of all of the persons present during each of the acts allegedly performed; the names of all witnesses who testified before the Grand Jury whether or not each witness testified from personal knowledge or through hearsay; whether or not the government obtained any information concerning the matters alleged in the indictment by means of electronic listening devices, wiretaps, telephonic tapes or other forms of electronic surveillance, and if so, the circumstances in each instance, giving

---

[3]The Court also notes that the motion for severance requests "a separate trial on the charges contained in Counts Four, Five and Ten of the above styled indictment. . . ." (Doc. no. 53, p. 1). The motion further states that Defendant Carter is one of three individuals named in the indictment. (Id.). As there are no Counts Four, Five, and Ten in the one-count indictment in this case, and as the government dismissed all charges against the only other Defendant named in the indictment (doc. no. 37), it appears that this motion may have been filed in error.

12

the date, time, place and means used in obtaining such information; whether any leads or evidence procured by the government resulted from any search of any premises, personal property or vehicles owned or operated by Defendant or his agents; whether or not the government performed or caused to be performed any scientific tests in connection with the matters in the indictment; the identity of "others" wherever set forth in the indictment; and, the identity of any unindicted co-conspirators or co-racketeers known to the government.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek from the Court a bill of particulars setting forth the time, place, manner, and means of commission of the crime alleged in the indictment. The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. Generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (citing United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982). Absent a showing that a defendant cannot prepare a defense without the government providing the identity or identities of an unindicted co-conspirator(s), such information need not be revealed in response to a motion for a bill of particulars. Warren, 772 F.2d at 837.

13

The determination of whether a bill of particulars should be ordered may only be decided in light of the particular circumstances of each case. United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1987). The question is committed to the sound discretion of the trial court whose decision will be reversed only where denial of the motion results in surprise to Defendant at trial resulting in prejudice to his substantial rights. United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir. Unit B Nov. 1981). In this case, the government has granted liberal discovery, which includes investigative reports of federal, state, and local agencies containing information pertinent to the proof of the government's case-in-chief (DEA-6's FBI 302's, GBI reports of investigation, local police incident reports, and other such summaries of investigative activities), reports of laboratory analysis, Defendant's criminal history, and other documentary evidence. It is also noted that the indictment in the case is specific and supports each of the requisite elements of the charged offense. Under these circumstances, information essential to the defense is being provided and the need for particulars is nonexistent. In any event, since discovery material is being made available, a ruling on a bill of particulars would appear to be premature and unnecessary. Discovery should cure any need for additional information to adequately defend the charges. Therefore, this motion by Defendant Carter is **DENIED**. (Doc. no. 49).

## **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

This request filed by the government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure. In light of the government's

willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, the motion is **GRANTED**. (Doc. no. 46).

SO ORDERED this 10th day of May, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

        vs.     *     CASE NO. 3:05-CR-12

TEREAKI CARTER     *

         *

         *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order dated 5/10/07, which is part of the official records of this case.

Date of Mailing:    5/10/07
Date of Certificate:   5/10/07

                               SCOTT L. POFF, CLERK

                               By: _____

NAME:
1. Tereaki Carter
2. Jon F. Helton
3. 
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds